## COURTER *vs.* STAGG.

1. Testatrix devised her residence to her daughter, for her sole use and benefit, for so long a time as she might remain single and unmarried, or until such time as, in her judgment, she might deem it advantageous to sell and dispose of the same. The daughter is married. *Held,* upon bill filed for construction of the will, that the intention was that the daughter should have the residence until she either married or deemed it advantageous to sell, whichever should first happen ; and the daughter having married, the executors have power to sell, and it is their duty to exercise it.

2. Plain, clear words, read in their ordinary sense, must always govern in searching for the intention of a testator, unless repugnant to other words, equally plain and clear, in another part of the same will.

3. Courts sometimes, in attempting to give effect to a testator's intention, displace " or " and substitute " and," and also put " or " where the testator has written " and," but such departures from the words of the will are never made except it is clear they are necessary to give effect to a clear purpose of the testator.

4. All doubts must be resolved in favor of the testator's having said exactly what he meant.

5. Persons having a right to be heard on a vital question, must be made parties before a decree will be made.

Heard on bill and answer.

*Mr. William B. Guild,* for complainant.

*Mr. William H. Morrow,* for defendants.

THE VICE-CHANCELLOR.

This bill is filed by a legatee to procure a construction of the will of Julia Ann Sommers. The clause giving rise to the dispute is in these words: "I give, devise and bequeath the house and lot where I now reside, to my daughter, Ann M. Sommers, for her sole use and benefit, for so long a time. as she may remain single and unmarried, or until such time as, in her judgment, she may deem it advantageous to sell and dispose of the same." A naked power of sale is given to the executors. The will then directs, when the proceeds of sale are received, $3000 shall be set apart for the use of the complainant during life, and on her death the principal fund shall be paid to the persons who, at that time, are her heirs-at-law.

The testatrix died April 20th, 1873. Anna M. was married January 6th, 1875. She and the complainant are the only children of the testatrix, now living.

What is the extent, in duration, of the estate given to Anna: can she hold the house and lot not only up to the time of her marriage, but for such beyond as she may deem it best not to sell? In other words, did the testatrix mean that Anna should not only have the use of the house and lot to the time of marriage, but for such period beyond as she might deem it advantageous not to sell? To read the will so as to give an affirmative answer to this question, "or" must be struck out and "and" substituted. To read the will according to the natural sense of the words employed by the testatrix, it is clear it must be held to say, Anna shall have the house and lot until she marries, *or* until she deems it advantageous to sell, and that whenever she marries, or shall deem it advantageous to sell, whichever shall first happen, the executors shall exercise the power of sale. Plain, clear words, read in their ordinary sense, must always govern in searching for the

Cóurter *v.* Stagg.

intention of a testator, unless repugnant to other words, equally plain and clear, used in another part of the same will. Courts sometimes, in attempting to give effect to a testator's intention, displace " or " and substitute " and," and also put " or " where the testator has written " and," but such departures from the words of the will are never made, except it is clear they are necessary to give effect to a clear purpose of the testator. *Holcombe* v. *Lake*, 4 *Zab.* 688. All doubts must be resolved in favor of the testator's having said exactly what he meant. *Redfield on Wills* 471, § 35. It is quite obvious, I think, no substitution of words, or change, is necessary to give effect to the intention of the testatrix in this case. Surely she did not mean to make the payment of a legacy given to one daughter, entirely dependent on the will of another to take a husband, or, if she had the will, on her ability to get him; at least, no such intention should be ascribed to her unless clearly expressed. If no power of sale arose until Anna married, and until she judged an advantageous sale could be made, her failure to marry, either from want of inclination or ability, in spite of the most advantageous offers for the property, would have prevented a sale at any time, and defeated the gift to the complainant and the other legatees. An intention so absurd and unnatural cannot be imputed to the testatrix.

The correct reading of this clause is, Anna shall have the use of the house and lot until, in her judgment, an advantageous sale can be made, or until she marries, whichever shall happen first, and whenever either happens, a sale shall be made. She, unquestionably, had the right to exercise a right of judgment, prior to her marriage, as to the time when a sale should be made, but she was bound to exercise it reasonably and fairly, with respect to the rights of others as well as her own. It did not give her the right to say, arbitrarily or capriciously, I will not consent to a sale, because it promotes my interest not to sell.

In my judgment, the executors now have power to sell, and it is their duty to exercise the power.

By the will, the children of David B. Pierson and grandchildren of the testatrix, are given $1000, payable when the proceeds of the sale of the house and lot are in hand. By the codicil, this bequest is reduced to $500, unless the house and lot are sold for $16,000 above encumbrances. These children have a right to be heard on the question whether the house and lot can be sold now or not. They are necessary parties to this suit. They have not been made parties. No decree should be made unless they are concluded by it. Unless they are made parties, the bill should be dismissed for defect of parties.